UNION INSURANCE COMPANY, OF PHILADELPHIA *against*
BURRELL.

A cession of property, under a policy, has a retroactive effect, and vests the
title to the property in the insurers, and to the proceeds as an incident,
from the time of the peril, as fully as if it had been the subject of a bill
of sale, and the insurers may bring an action for the property or the pro-
ceeds, in their own name.

Where a vessel was captured by the French, and re-captured by the British,
and vessel and cargo sold to pay the salvage, the vessel having been
bought in by the former owners, and the proceeds of the cargo sent home
in her, the agents abroad charging commissions on such transmission, the
insurers, to whom the cargo had been abandoned, were held to be enti-
tled to such proceeds, deducting, merely, such commissions, and the ba-
lance of freight on the outward voyage remaining, after deducting the
salvage on the ship.

ASSUMPSIT for money had and received, &c.

Plea, the general issue.

The defendant, being the owner of the schooner Colum-
bia, chartered her to J. Kauman on a voyage from New
York to St. Domingo, and back. Kauman insured his
cargo on board said schooner on the said voyage at the
office of the plaintiffs. The schooner, on her outward voy-
age, was captured by the French, re-captured by the Brit-
ish, and carried into New Providence, where vessel and
cargo were libelled for salvage, and one-sixth of the vessel
and cargo thereupon awarded to the re-captors. To pay
this salvage, the vessel and cargo were sold. The vessel
was purchased by the defendant's agent, and the nett pro-
ceeds of the cargo brought home in her, and delivered to

the defendant. For the transmission of these proceeds, the agent at New Providence charged commissions.

Kauman, upon information of the loss, ceded his interest in the cargo to the plaintiffs, who accepted the same and paid the loss.

This action was thereupon brought to recover from the defendant the proceeds of the said cargo.

*Wells*, upon this statement of facts, moved for a nonsuit, the plaintiffs having no right to commence the action in their own name, the cession from Kauman being nothing more than an assignment of a chose in action. He cited *Surtees et al.* v. *Hubbard*, 4 Esp. Ca. 203.

*Hoffman*, for plaintiffs, cited *Robinson* and *Hartshorne* v. *The United Insurance Company*, 1 Johns. 592.

SPENCER, J. There is nothing in the objection. The cession has a retroactive operation. It puts the insurers in possession of the property so ceded, and of the proceeds thereof, as an incident. The property is as completely vested in them, as if it had been the subject of a bill of sale; and, surely, in such a case, it would not be necessary to bring the action in the name of the vendor.

*Wells* then contended, that the defendant was entitled to set off, against the plaintiffs' claim : 1st, the whole of the outward freight, because the decree of the Vice-Admiralty in New Providence, awards salvage out of the ship and cargo, merely ; 2d, The freight upon the nett proceeds on the homeward voyage, the vessel on that voyage being the defendant's property, the charter party having been dis-

12

solved by the capture; and, 3d, the demurrage of the vessel, while at New Providence under adjudication.

SPENCER, J. The freight is chargeable with salvage, under the decree of the Vice-Admiralty, as incident to the ship. Salvage, therefore, must be deducted from the outward freight, and the residue set off. The charge of freight on the homeward voyage must be abandoned; it is enough that the plaintiffs are charged with commission for the transmission. Nor can demurrage be charged; it is only allowed where the vessel is detained by the act of the charterer: the detention at New Providence was a detention by a *vis major*, for which the charterer cannot be accountable.

*Wells*, for defendant.

*Colden* and *Hoffman*, for plaintiffs.